IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN KENYON, ET AL.<br>Plaintiffs,<br><br>v.<br><br>HOSPITAL SAN ANTONIO, INC., ET AL.<br>Defendants. | Civil No. 14-1516 (SCC-GLS) |

**REPORT AND RECOMMENDATION**

Pending before the Court is Third Party Defendant Municipality of Añasco's (the "Municipality") motion to dismiss the Third Party Complaint filed by Hospital San Antonio, Inc. ("HSA") for failure to prosecute. Docket No. 328. The premise is that HSA failed to pursue answers to a Set of Interrogatories and Request for Production of Documents served on the Municipality on August 5, 2016. Id. The matter was referred to the undersigned for a Report and Recommendation. Docket No. 333. The Court recommends that the Municipality's motion to dismiss at Docket No. 328 be **DENIED**.

### I.    Standard of Review

The Court may on its own initiative, or upon a defendant's motion, dismiss inactive cases or apply sanctions for non-compliance with the federal rules or the court's order. Link v. Wabash R. Co., 370 U.S. 626, 639 (1962). This is contemplated in Rule 41(b) of the Federal Rules of Civil Procedure, which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Unless otherwise ordered, such a dismissal will constitute an adjudication on the merits. Id.

The threshold is a very high one. "Dismissal with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)). Dismissal for failure to prosecute should not be the first

1

recourse; less severe sanctions should be exhausted first. Id. Some factors to consider when evaluating a motion to dismiss for failure to prosecute are: (1) the severity of the violation; (2) the merits of the party's excuse; (3) repetition of the violations; (4) the willfulness of the misconduct; (5) mitigating circumstances; (6) prejudice to the adversary; and (7) alternative sanctions not as severe as a dismissal. Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007).

## II.    Discussion

The Municipality argues that the Third Party Complaint should be dismissed because HSA failed to pursue answers to interrogatories and requests for documents served on August 5, 2016. The Municipality further argues that, due to the delay in pursuing responses and as a result of the time that has elapsed, it is at a disadvantage because it does not have access to witnesses and documents that could aid in answering discovery. The Municipality further sustains that, in any event, it is not liable to HSA because it did not control or administer the Emergency Room, and there is no causal relationship between the purported negligent acts or omissions and the damages claimed by Plaintiffs. The Municipality's motion lacks merit.

According to the Joint Informative Motion Regarding Outstanding Discovery filed on August 8, 2016, which was joined by the Municipality, the parties requested that the Court adjudicate the pending dispositive motion prior to holding a further status conference in the case. Docket No. 226. The motion for summary judgment, which the Municipality joined at Docket No. 207, was adjudicated on March 30, 2017. Docket No. 243. As a result thereof, liability of HSA in this case was capped at $150,000 and the claims against three physicians were dismissed with prejudice. Docket Nos. 243 and 244. There followed a request for reconsideration and a timely appeal. See Docket Nos. 248 and 294. The case stood before the U.S. Court of Appeals for the First Circuit until August 26, 2022, when the First Circuit affirmed the Court's Opinion & Order. Docket Nos. 313 and 314. No discovery was conducted by any of the parties during the time that the appeal was pending before the First Circuit. And the issue on appeal—the cap on HSA's potential liability—undoubtedly would affect the outcome of the case, including the Municipality's potential liability to HSA.

Per the above, while it is true that more than six (6) years have passed since HSA served its discovery on the Municipality, its failure to follow up on the Municipality's answers is insufficient to warrant a dismissal of the Third Party Complaint at this juncture. The interrogatories and requests for documents were served on the Municipality in a timely fashion during discovery,

on August 5, 2016. Docket No. 337-1. The parties jointly agreed to follow up on the status of the case once dispositive motions were adjudicated and the case was pending appeal for over five (5) years. And the resolution of the appeal would have a consequence on both HSA's and the Municipality's potential liability. Importantly, once served, the Municipality had a duty to answer regardless of any follow up efforts by HSA. Rules 33(b)(2) and 34(b)(2)(a) of the Federal Rules of Civil Procedure place the burden on the party served with interrogatories and requests for documents to answer in a timely fashion. Fed.R.Civ.P. 33(b)(2) and 34(b)(2). Objections, if any, are to be raised by that same party. Fed.R.Civ.P. 33(b)(4) and 34(b)(2)(C). The Municipality did not answer or object in a timely fashion. The Municipality cannot claim prejudice on account of HSA's inaction when it failed to comply with its own duty under the rules.

The Municipality's claim of prejudice due to an apparent inability to have access to documents and witnesses at this time is also meritless. The Municipality had a duty to preserve the evidence. "Litigants have the responsibility of ensuring that relevant evidence is protected from loss or destruction." González Tomasini v. United States Postal Serv., 2021 WL 4268498 at 3 (D.P.R. 2021) (quoting Vélez v. Marriott PR Management, Inc., 590 F.Supp.2d 235, 258 (D.P.R. 2008) (citations omitted)). The duty to preserve exists prior to and during litigation, when a party can reasonably expect that the evidence will be relevant to litigation. Id. There is no question that the Municipality's duty to preserve documentary and testimonial evidence was triggered, at the latest, when it was served with the Third Party Complaint on February 11, 2015. Docket No. 121. Any potential prejudice due to the difficulty in compiling evidence and reaching witnesses on account of the passage of time is of the Municipality's failure to preserve evidence and cannot the basis for sanctions against HSA.

The Municipality's argument that it is not liable to HSA is neither here nor there. Likelihood of success on the merits does not justify dismissal for lack of prosecution. Any argument that the Municipality is not liable to HSA (because, as argued, it did not control or administer the Emergency Room) is to be raised on a motion for summary judgment and cannot be the basis for dismissal as a sanction for lack of prosecution.

### III. Conclusion

The Municipality's motion to dismiss for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure lacks merit. The Court recommends that the Municipality's motion to dismiss at Docket No. 328 be **DENIED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time waives the right to review in the District Court and those claims not preserved by such objections are precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 28th day of December 2022.

                                              s/Giselle López-Soler
                                              GISELLE LÓPEZ-SOLER
                                              United States Magistrate Judge